IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICKY WAYNE MEADS,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 08-3420-CV-S-RED |
| | ) | Crim. Case No. 06-3026-01-CR-S-RED |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Ricky Wayne Meads' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). After careful consideration, Petitioner's motion is **DENIED**.

## BACKGROUND

On February 8, 2006, a federal grand jury returned an indictment charging Petitioner Ricky Wayne Meads (hereinafter "Petitioner") with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and (e). In May 2006, a jury convicted Petitioner with the crimes charged. During the sentencing phase, the Court found Petitioner was subject to a sentencing enhancement as an armed career criminal under 18 U.S.C. § 924(e) for multiple prior convictions. On August 4, 2006, the Court sentenced Petitioner to 252 months imprisonment followed by five years supervised release.

On August 17, 2006, Petitioner filed a timely appeal with the Eighth Circuit of Appeals, arguing only that the district court erred in denying his requested jury instruction as to "mere presence." The Eighth Circuit affirmed the judgment of the district court on March 14, 2007. Petitioner next petitioned the Supreme Court for writ of certiorari, but the Supreme Court denied

his request on October 1, 2007.

On October 27, 2008, Petitioner filed a *pro se* motion requesting an extension of time to file a § 2255 motion. On November 10, 2008, Petitioner filed the instant motion, raising a number of grounds for relief.

## ANALYSIS

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The one year limitation period runs from the latest of four possible dates. *See id.* In this case, there is no dispute that the limitations period began to run on October 1, 2007, the date on which the judgment of conviction became final by virtue of the Supreme Court's denial of Petitioner's petition for writ of certiorari. *See* 28 U.S.C. § 2255(f)(1); *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Petitioner did not file his § 2255 motion until November 10, 2008, more than a month out of time.

Petitioner argues the doctrine of equitable tolling should apply to render his § 2255 motion timely. "While the rule of equitable tolling applies to the one-year filing deadline for § 2255 motions, the doctrine is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner meets neither prong of the standard.

First, Petitioner has failed to assert an extraordinary circumstance justifying equitable tolling. Petitioner claims he was in a "Special Housing Unit" from March 28, 2007, through July

2

5, 2007, and was in a "Lockdown Situation" from July 5, 2007 until October 10, 2007. Thereafter, Petitioner claims he was in either a "lockdown" or "Special Housing Unit" from February 1, 2008, through October 20, 2008, and that he was hospitalized from October 13, 2008, through October 20, 2008. As part of the security restrictions and housing situation, Petitioner claims he only had access to legal materials for one day per week at certain times, and at other times had no access at all.[1] Since the statute of limitations began to run on October 1, 2007, Petitioner's assertions of impediments before that date are irrelevant to the current analysis. The impediments Petitioner asserts after October 1, 2007, including security lockdowns, prisoner transfers, and limited access to legal papers and law libraries, are common to many prisoners during their terms of imprisonment. As a general matter, the asserted impediments do not constitute "extraordinary circumstances" so as to warrant equitably tolling the statute of limitations. *United States v. Sanchez-Garcia*, 2009 WL 297003, at *2 (D. Neb. 2009) (noting that lockdowns, security transfers, and lost legal papers "parallel the common obstacles most petitioners face in filing their § 2255 [m]otions[, and] [a]s a result, none of these obstacles constitutes 'extraordinary circumstances'"); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *United States v. Lamb*, 2008 WL 4411396, at *1-2 (D. Neb. 2008).

Moreover, Petitioner failed to present any evidence that he diligently pursued his rights

---

[1] Contradicting what he claimed in his original motion, Petitioner later claimed in his reply that during "all lock down times [he] did not have any access to any Law Library, forms, or any other papers or documents, in which to properly research."

during the substantial periods of the year where he was not in lockdown. *Sanchez-Garcia*, 2009 WL 297003, at *2 (noting petitioner's "failure to take any action in the pursuit of the materials he deems necessary to complete his § 2255 [m]otion is fatal to his request now for the application of equitable tolling"); *see Diaz-Diaz v. United States*, 297 F. App'x 574, 576 (8th Cir. 2008) (noting delay in seeking legal materials "cuts against [a petitioner's] claim for equitable tolling"). Since Petitioner has provided no legitimate reason for his failure to pursue his rights when he was not on security lockdown, the Court cannot find that he diligently pursued his rights such that tolling is appropriate.

On review, the Court finds Petitioner fails to meet both prongs of the standard, and equitable tolling is not warranted in this case. Petitioner's § 2255 motion is therefore outside the applicable limitations period,[2] and is subject to denial.

Even were the Court to equitably toll Petitioner's limitations period, he failed to state any claim that would merit relief. Petitioner asserts a number of substantive claims in his motion that could have been raised at trial or on direct appeal, but were not raised. "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects

---

[2] Petitioner filed a motion for extension of time to file his § 2255 motion in advance of the present petition, but nonetheless still outside the limitations period. Petitioner argues that since he *mailed* his motion for extension of time within the limitations period, his motion for extension of time and subsequent § 2255 motion should not be considered untimely. However, even assuming the mailbox rule would apply so as to pull Petitioner's motion for extension of time into the limitations period, the Court had no jurisdiction to grant the motion for extension of time. A motion for extension of time alone does not present a case or controversy such that an Article III court has jurisdiction to entertain it. *United States v. Two Shields*, 2008 WL 2788423, at *1 (D.N.D. 2008). "For a court to have jurisdiction over a motion for extension of time to file a Section 2255 petition, the motion must be either (i) filed concurrently with or after a 28 U.S.C. § 2255 petition or (ii) be construed as a § 2255 petition itself." *Id.* Petitioner's motion for extension of time was filed approximately two weeks in advance of (and separate from) his § 2255 motion, and it contained no allegations such that it could be construed as a 2255 petition itself. *See id.* As such, the motion for extension of time cannot be used as a basis to extend Petitioner's limitations period. *Id.*

4

resulting in a complete miscarriage of justice." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner has shown no such prejudice or miscarriage of justice,[3] and therefore these claims are not cognizable in his § 2255 motion. *See Auman v. United States*, 67 F.3d 157, 160-62 (8th Cir. 1995).

Petitioner's ineffective assistance claims are also without merit. In order to meet the ineffective assistance standard, Petitioner would need to show "his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). Petitioner's allegations, which include strategy decisions by counsel at trial, claims for failure to investigate irrelevant issues related to ownership of the firearm, and conclusory conflict of interest claims, do not meet this standard. *See Johnson v. Lockhart*, 921 F.2d 796, 799 (8th Cir. 1990); *United States v. Harden*, 846 F.2d 1229, 1231 (8th Cir. 1988); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982).

For the reasons stated, the Court finds Petitioner's motion is without merit.

## **CONCLUSION**

For the reasons stated herein, Petitioner Ricky Wayne Meads' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). After

---

[3] Petitioner alleged jury tampering as one ground for relief, and the Court is cognizant that "any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is ... deemed presumptively prejudicial." *United States v. Blumeyer*, 62 F.3d 1013, 1014 (8th Cir. 1995). However, "[t]he presumption of prejudice does not apply unless the extrinsic contact relates to 'factual evidence not developed at trial.'". *Id.* In his motion Petitioner makes only a bare allegation that Tammy Ryan, an anticipated trial witness who was ultimately not called by either party, talked with the jury while they were on a smoke break during deliberation, and after the smoke break the jurors returned a guilty verdict. However, Petitioner provided no substance of the conversation, no evidence the discussion occurred, and no affidavit to support his claims. The only support Petitioner offers is his own bare allegation. A bare allegation without an affidavit or other support raising an inference of jury tampering does not merit relief for either Petitioner's substantive claims of jury tampering, or his claims that counsel was ineffective for failing to raise the issue on appeal. *See Arnold v. United States*, 63 F.3d 708, 709 (8th Cir. 1995).

careful consideration, Petitioner's motion is **DENIED**.[4]

    **IT IS SO ORDERED**.

DATED:	April 1, 2009		*/s/ Richard E. Dorr*
					RICHARD E. DORR, JUDGE
					UNITED STATES DISTRICT COURT

---

[4] Petitioner also filed a motion for extension of time to file a reply (Doc. 8). However, the motion was not filed with the Court until March 6, 2009, and requested an extension of time until February 28, 2009, to file his reply. Since the requested extended deadline had already passed when the motion was filed, Petitioner's motion is denied as moot (Doc. 8). Moreover, Petitioner filed a reply in the form of an affidavit addressing the timing issues in the case during the applicable period of time to file a reply brief. Since the Court is denying Petitioner's motion primarily on the timing issues, further briefing is unnecessary.